Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA D. GONZALEZ,<br><br>                                   Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                   Defendant. | Civil Action No. 19-13460 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Maria D. Gonzalez's appeal of Administrative Law Judge ("ALJ") Matthew Bring's decision denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits based on the ALJ's determination that Plaintiff was not disabled under the Social Security Act (the "Act"), 42 U.S.C. §§ 1381 *et. seq*. (D.E. No. 1, Compl.). The Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 9.1(f). For the reasons set forth herein, the Commissioner of Social Security's (the "Commissioner") decision is affirmed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Because the Court writes primarily for the benefit of the parties, only the essential facts are recounted herein.

At the time of her application for DIB and SSI, Plaintiff was 28 years of age.[1] (D.E. No.

---

[1] Plaintiff's date of birth is March 28, 1985. (R. 304). Plaintiff is considered to be a "younger person" since she is under the age of 50 years old. *See* 20 CFR 404.1563(c).

6, Administrative Record ("R.") 22). Plaintiff has a high school education and is able to communicate in English. *Id.* Plaintiff was previously employed as a cashier, salesclerk, and a produce clerk. (D.E. No. 1, Compl. ¶4). Plaintiff later amended her application for a closed period of disability, after returning to work on January 1, 2018. (R. 35).

On September 24, 2015, Plaintiff applied for DIB and SSI benefits, beginning on February 20, 2014 and ending on December 31, 2017, due to numerous alleged impairments. (R. 304-14). Plaintiff's application was denied initially and on reconsideration. (R. 12; 158-65; 166-71). Shortly thereafter, Plaintiff requested a hearing before an ALJ, which was conducted on January 31, 2018. (R. 172-73, 78-114). Plaintiff did not appear at the hearing, but her counsel was present. (R. 78-114). Plaintiff also did not appear at the second hearing on May 11, 2018, but her counsel once again was present and informed the ALJ that Plaintiff was unable to take off of work to attend the hearing. (R. 35-36). At this hearing, Plaintiff's attorney informed ALJ Bring that she wished to have her application considered a closed period request from the date of onset until the last day of 2017. (R. 36). On May 30, 2018, the ALJ issued a decision denying Plaintiff's application after determining that Plaintiff was not disabled under the Act. (R. 12-28). Plaintiff appealed. (R. 298). On April 11, 2019, the Appeals Council denied Plaintiff's request for review; thus, ALJ Bring's decision is the final agency decision for the purposes of the instant appeal. (R. 1-6).

On June 6, 2019, Plaintiff appealed to this Court. (D.E. No. 1, Compl.). On October 30, 2019, the Administrative Record was filed. (D.E. No. 6, R.). After being granted several extensions, Plaintiff filed a moving brief on July 10, 2020. (D.E. No. 15 ("Pl. Mov. Br.")). Defendant filed opposition on August 28, 2020, after being granted a 30-day extension to file its brief. (D.E. No. 18 ("Def. Opp. Br.")).

## II. LEGAL STANDARD

### A. Standard of Review

The Court reviews legal questions *de novo* and all other findings for "substantial evidence." *See* 42 U.S.C. § 405(g); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

Courts are bound by the ALJ's findings of fact that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 283 (3d Cir. 2006). Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

### B. Determining Entitlement to Social Security Benefits

To qualify for DIB, the claimant must establish that she is "disabled." 42 U.S.C. § 1381. A claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national

3

economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is defined by the Act as an "impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Under the Act, "a disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents [the individual] from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Halter,* 247 F.3d 34, 38–39 (3d Cir.2001) (internal citations and quotations omitted).

In analyzing whether a disability exists under the Act a five-step sequential evaluation process is followed. *See* 20 C.F.R. § 416.920. First, the plaintiff must demonstrate that he has not engaged in any substantial gainful activity since the onset date of his severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(i) & 416.920(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. §§ 404.1572(a) & 416.972(a), (b). If an individual engages in substantial gainful activity, he is not disabled under the regulation, regardless of the severity of his impairment or other factors such as age, education, and work experience. 20 C.F.R. §§ 404.1520(b) & 416.920(b). If the plaintiff demonstrates that he has not engaged in substantial gainful activity, the analysis proceeds to step two.

Second, the plaintiff must demonstrate that his medically determinable impairment or the combination of his impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). An impairment or combination of impairments does not satisfy this threshold if medical and other evidence only establishes slight abnormalities which have no more than a minimal effect on an individual's ability to work. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).

Third, the ALJ must assess the medical evidence and determine whether the plaintiff's severe impairment(s) (alone or in combination) meet or equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing"). *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four. However, before reaching step four, the ALJ must first determine a plaintiff's residual functional capacity ("RFC"). A plaintiff's RFC is the most that a plaintiff can do despite his limitations; all relevant evidence is considered. 20 C.F.R. § 416.945(a). At step four, the ALJ determines whether the plaintiff's RFC permits him to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). If the plaintiff lacks the RFC to perform any work he had done in the past, the analysis proceeds to step five.

In the fifth and final step, the burden shifts to the Commissioner to produce evidence that there is a significant amount of other work in the national economy that the plaintiff can perform based on his age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v).

### III. DISCUSSION

#### A. The ALJ's Decision

At step one, ALJ Bring determined that Plaintiff had engaged in substantial gainful activity beginning in January of 2018. (R. 17). At step two, ALJ Bring concluded that Plaintiff had the following severe impairments: systemic lupus erythematosus ("SLE"); dermatomyositis; polymyositis; and collagen vascular disease. (R. 18). ALJ Bring concluded that Plaintiff's rhabdomyolysis was not severe because it "does not recur during the period of adjudication" and as a result the requisite 12 months for severity were not met. *Id.* At step three, ALJ Bring

determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the impairments listed in Appendix 1 of the applicable regulations. (R. 16-17).

Specifically, ALJ Bring evaluated Listing 14.02 in connection with Plaintiff's SLE and concluded as follows:

> While it is established that the complainant's body mass index ("BMI") scores indicate that she is underweight and experiences some involuntary weight loss [], the remaining requirements of this listing are not met. The record does not establish the involvement of two or more body systems, nor does it establish the presence of another constitutional symptom or sign. Thus, listing 14.02A is not met or equaled. Additionally, the record does not establish marked limitations in activities of daily living, maintaining social functioning, or completing tasks in a timely manner; as such, listing 14.02B is not met or equaled.

(R. 18). ALJ Bring also evaluated Plaintiff's impairments with Listing 14.05 finding that:

> the claimant does not meet or equal these requirements, as the record does not establish: (A) an inability to ambulate effectively or perform fine and gross movements effectively; (B) dysphagia with aspiration; (C) impaired respiration; (D) diffuse calcinosis; or (E) marked limitations in activities of daily living, maintaining social functioning, or completing tasks in a timely manner.

(R. 18-19). ALJ Bring sited his reasoning under Listing 14.02 as the basis for finding that Plaintiff also did not meet or equal the requirements under Listing 14.06. (R. 19).

At step four, ALJ Bring provided a lengthy analysis, first determining that Plaintiff had the RFC to "lift 20 pounds occasionally and 10 pounds frequently; sit up to 6 hours total in an 8-hour workday; stand and walk up to 4 hours total in an 8-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl." *Id*. ALJ Bring ultimately concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (R. 20). ALJ Bring further found that Plaintiff is unable to perform any of her past relevant work. (R. 22).

At step five, ALJ Bring determined that Plaintiff is capable of making a successful adjustment to other work that exists in the significant numbers in the national economy, based on the record and having accepted the testimony of the vocational expert. (R. 22-23). Accordingly, The ALJ found that Plaintiff was not disabled. (R. 23).

### B. Issues on Appeal

Plaintiff first argues[2] that her severe impairments equal the listings for SLE (Listing 14.02), systemic vasculitis (Listing 14.03), and chronic weight loss (Listing 5.08). (Pl. Mov. Br. 18-20).

In challenging an ALJ's conclusion as to step three and in asserting that an ALJ should have performed a more in-depth analysis at the third step, Plaintiff must show how the outcome would have been different. "Ordinary harmless error review . . . is applicable to administrative appeals." *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x. 810, 814 (3d Cir. 2016) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Where, as here, a plaintiff alleges error by the ALJ, "the burden of showing harmfulness is normally on the party attacking the agency's determination." *See Shinseki*, 556 U.S. at 398. This means that Plaintiff must explain how he "might have prevailed at step three if the ALJ's analysis have been more thorough." *Holloman*, 639 F. App'x at 814. Specifically, Plaintiff must "affirmatively point[] to specific evidence that demonstrates he should succeed at step three." *Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016).

---

[2] Plaintiff makes other arguments related to this first point, such as claiming that the ALJ erred when the ALJ did not consider Plaintiff's rhabdomyolysis to be a severe impairment at step two. (Pl. Mov. Br. 14-17). However, even assuming that the ALJ made an error, Plaintiff fails to point to additional evidence demonstrating that a different result could have been reached. As a result, any such error was harmless.

7

Turning first to SLE under Listing 14.02, the listing provides as follows:

> *14.02 Systemic lupus erythematosus.* As described in 14.00D1. With:
>
> A. Involvement of two or more organs/body systems, with:
>
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
>
> OR
>
> B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, subpt. P, app. 1 § 14.00(D)(1). Listing 14.03 has the same requirements as to systemic vasculitis. *See* 20 C.F.R. Pt. 404, subpt. P, app. 1 § 14.00(D)(2).

ALJ Bring discussed Plaintiff's BMI and the fact that she is underweight and suffers from involuntary weight loss, but that,

> the remaining requirements of this listing are not met. The record does not establish the involvement of two or more body systems, nor does it establish the presence of another constitutional symptom or sign. Thus, listing 14.02A is not met or equaled.

(R. 398-99).

Listing 14.02A defines "severe fatigue" as "a frequent sense of exhaustion that results in significantly reduced physical activity or mental function." 20 C.F.R. pt. 404, subpt. P., app. 1 § 14.00(C)(2). Plaintiff offers a September 2015 Function Report as evidence to support her position that Plaintiff's fatigue was severe. (Pl. Mov. Br. 19-20). However, the function report does not reflect severe fatigue, but mentions self-proclaimed limitations and pain suffered. (R. 355-62).

8

ALJ Bring noted the following:

> By the end of 2016, however, physical exam findings were normal []. While she reported fatigue, she denied pain, and a subjectively assessed performance status indicated she was "[f]ully active, able to carry on all pre-disease performance without restriction" []. She has a follow up visit the next month with similar complaints and findings. Laboratory tests results from those visits were normal [].

(R. 20). Although there are several instances in the record that reflect fatigue there are numerous other instances Plaintiff either did not complain of fatigue or denied being fatigued. (R. at 399, 404, 427, 435, 444, 446). As a result, substantial evidence supported the ALJ's finding that Plaintiff did not meet the "severe fatigue" requirement of the listing.

Additionally, in support of her arguments in connection with the involvement of two or more body systems, Plaintiff asserts that Plaintiff's lupus has affected her musculoskeletal system (polymyositis), her vascular system (dermatomyositis) and her dermatological system (collagen vascular disease). (Pl. Mov. Br. at 19). However, in support of her position, Plaintiff only relies on the diagnosis of Plaintiff's lupus. As highlighted by Defendant, there are significant periods where treatment records are missing which was acknowledged by ALJ Bring. Specifically, Defendant highlights that "Plaintiff's treatment was minimal, with large gaps in treatment records, including one-year gap between notes in May of 2014 and May of 2015 and a gap of a year and a half between her last office visit in 2016 and the end of the closed period." (Def. Opp. Br. 12). In merely noting Plaintiff's diagnosis, Plaintiff has not met her burden.

The court finds that in light of the evidence in the record, ALJ Bring's step three determination as to Listing 14.02 is supported by substantial evidence and need not be disturbed. For the same reasons, Plaintiff has not met her burden in demonstrating that Listing 14.03 would have resulted in her having been found disabled at step three. Finally, as to Plaintiff's argument concerning chronic weight loss under Listing 5.08, Plaintiff acknowledges that she does not meet

the listing because she cannot point to any digestive disorder. (Pl. Mov. Br. 18).

Plaintiff next argues that: the RFC is not based on substantial evidence, adding that the ALJ improperly rejected the opinions of treating physicians. (Pl. Mov. Br. 20-36).

A plaintiff's RFC is the most that a plaintiff can do despite his limitations. 20 C.F.R. § 416.945(a). When making an RFC determination, an ALJ is required to consider all evidence. *Burnett*, 220 F.3d at 121. However, an ALJ need not discuss in his opinion "every tidbit of evidence included in the record," *Hur v. Barnhart*, 94 Fed. App'x. 130, 133 (3d Cir. 2004), so long as "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors" in reaching his conclusions. *Jones*, 364 F.3d at 505.

In reaching the decision as to Plaintiff's RFC, ALJ Bring noted that he assigned great weight to Dr. Rabelo's opinion that Plaintiff would have some difficulty with standing and walking and should perform postural activities no more than occasionally. (R. 21). The Court disagrees with Plaintiff's argument that Dr. Rabelo's opinion should not have been given great weight by ALJ Bring based on Plaintiff's assertion that Dr. Rabelo did not review Plaintiff's function report. The Court must evaluate whether "the ALJ's decision, read as a whole, illustrates that *the ALJ considered the appropriate factors*" in reaching his conclusions. *Jones*, 364 F.3d at 505 (emphasis added). Here, before reaching a determination on RFC, ALJ Bring recounted the symptoms as set forth by Plaintiff in the October 2015 function report, with citations to the report. (R. 19). Thus, ALJ Bring weighed the opinion of Dr. Rabelo against the backdrop of the overall evidence in the record, including the function report. (R. 20) ("[L]ongitudinal review of the evidence demonstrates reasonably good control of claimant's impairments throughout the period of adjudication."); *see also* (R. 21) (noting that "Dr. Rabelo's limitations are consistent with the substantial evidence of record, including records received at the hearing level[.]").

10

Next, ALJ Bring noted that he gave little weight to the opinions of treating physicians Robert Fogari and Patrick Beaty, who indicated that Plaintiff is "disabled" or "unable to work," reasoning as follows:

> None of these statements includes any functional limitations that would justify their determinations, nor do they provide any explanation of the symptoms that would specifically preclude work activity. As their statements are wholly unsupported by the record as a whole, they are not entitled to any significant weight.

(R. 21). In May of 2015, Dr. Fogari evaluated Plaintiff and noted that although she complained of joint pain and weakness, she was negative for any decreased range of motion, and found no painful restrictions of motion, no back, joint or limb pain. (R. 427). Dr. Fogari also found Plaintiff negative for loss of appetite, fatigue, and weight loss. *Id*. Dr. Fogari prescribed Plaintiff Prednisone for her polymyositis. (R. 428). Dr. Fogari's notes further indicated that Plaintiff has not been seen for approximately seven months prior to the 2015 visit. *Id.*

In September of 2015, Dr. Beaty also evaluated Plaintiff, noting that Plaintiff was diagnosed with lupus in February of 2015 and that Plaintiff complained of pain in both legs and knees. (R. 435). Dr. Beaty mainly noted that in evaluating Plaintiff, she was found to be normal in almost all areas. (R. 435-37). Dr. Beaty also noted collagen vascular disease, gave Plaintiff a referral to a rheumatologist for "unspecified diffuse connective tissue disease," and noted that Plaintiff was unable to return to work/school for approximately 4 months pending further medical evaluation. (R. 430- 432). However, there were no further notes from Dr. Beaty as to Plaintiff's functional limitations.

Thus, the Court does not find error in ALJ Bring placing lesser weight on the opinions of treating physicians when such conclusions of an inability to work and disability were not fully supported by medical records reflecting significant functional limitations. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) (observing that opinions of treating physicians are given controlling

11

weight only when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]").

Moreover, there was additional evidence in the record that supported RFC. For example, an April 2016 report from Hudson Hematology Oncology indicated that Plaintiff had good appetite; no respiratory, cardiovascular, or gastrointestinal issues; and no pain even though Plaintiff complained of fatigue. (R. 481). The report also noted that "workup does not demonstrate suspicion for underlying lymphoproliferative disorder" in connection with Plaintiff's Dermatomyositis and unexplained weight loss and recommends that Plaintiff follow-up in approximately 4-6 months for repeat of urine analysis. *Id*. Plaintiff sought DIB and SSI benefits for a closed period of disability between February 20, 2014 to December 31, 2017. As noted, the record reflects a significant gap in Plaintiff's treatment records during this period.

In light of the ALJ's review of the evidence, the Court finds that the ALJ's RFC determination is supported by substantial evidence on the record as a whole. The ALJ sufficiently explained why contradictory evidence undercut Plaintiff's subjective complaints and the ALJ also adequately explained the weight he was giving to opinion evidence in the record and why lesser weight was given to treating physician opinions. The Court finds that Plaintiff has failed to meet her burden in pointing to evidence that was overlooked by ALJ Bring that would change the outcome of the ALJ's decision.

### IV. CONCLUSION

For the foregoing reasons, the Court affirms the decision of the Commissioner of Social Security.  An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
